UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN PAUL DAVENPORT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:18-CV-00321-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is *pro se* Petitioner Nathan Paul Davenport's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1; 3. Davenport claims his sentence is illegal in light of recent Supreme Court precedent. Dkt 3. The Court has determined that the evidence in the record is sufficient for a decision on this matter and an evidentiary hearing is not necessary. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On March 30, 2015, Davenport plead guilty to armed bank larceny in violation of 18 U.S.C. §§ 2113(b) and (d) and 924(c). Crim. Dkt. 35; 38. As pled, Davenport admitted to breaking open an ATM at a McCall, Idaho bank, fleeing in

MEMORANDUM DECISION AND ORDER - 1

a stolen truck, and firing his Ruger .223 assault rifle at two occupied McCall police vehicles. Dkt. 35. Davenport was sentenced to 84 months and 25 days concurrently on Counts One and Five, and 120 months consecutively on Count Two.[1] Crim. Dkt. 63. As part of the plea agreement, Davenport waived his right to direct appeal and to pursue a collateral attack under 28 U.S.C. § 2255, subject to limited exceptions. Crim. Dkt. 35.

On July 9, 2018, Davenport filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. 1. He filed the amended motion before the Court on July 12, 2019 in which he claims his sentence is illegal in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Dkt. 3.

## LEGAL STANDARD

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the

---

[1]     Davenport plead guilty to Count One charging Bank Larceny by Use of a Dangerous Weapon, and Aiding and Abetting in violation of 18 U.S.C. § 2113(b) and (d) and § 2; Count Two charging Use of a Deadly Weapon in the Commission of a Felony Crime of Violence, in violation of 18 U.S.C. § 924(c), 18 U.S.C. § 2113(b) and (d), and 18 U.S.C. § 2; and Count Five charging Conspiracy to Commit Bank Larceny in violation of 18 U.S.C. §§ 371 and 2113(b). Crim. Dkt. 35.

Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings, provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254

**MEMORANDUM DECISION AND ORDER - 3**

Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

2. **18 U.S.C. § 924(c)**

Title 18 U.S.C. § 924(c)(3)(A) "imposes a mandatory consecutive term of imprisonment for using or carrying a firearm 'during in and in relation to any crime of violence.'" *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam). Section 924(c)(3) defines a "crime of violence" as a felony offense that:

> (A) Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

**MEMORANDUM DECISION AND ORDER - 4**

committing the offense.

18 U.S.C. § 924(c)(3). Clause (A) is referred to as the "force clause" and clause (B) is referred to as the "residual clause." *Watson*, 881 F.3d at 784.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court invalidated § 924(c)(3)(B) as unconstitutionally vague. *Id*. at 2336.

## ANALYSIS

### A. Waiver

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979, 113 S. Ct. 2980, 125 L.Ed.2d 677 (1993). For the waiver to be valid, the plea agreement must expressly state that the defendant will waive the right to file a § 2255 motion. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (finding language in plea agreement that "[defendant] will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion). Even still, an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *Washington v. Lampert*, 422 F.3d 864, 870-871 (9th Cir. 2005).

Here, the plea agreement expressly provided that Davenport's waiver "shall

result in the dismissal of any direct appeal or collateral attack [Davenport] might file seeking to challenge the plea, conviction or sentence in this case." Crim. Dkt. 35. Davenport does not allege ineffective assistance of counsel, nor does he allege his waiver was not knowingly or voluntarily made. Furthermore, Davenport's claim does implicate the waiver's exceptions, as his sentence did not exceed the statutory maximum and he does not claim his alleged illegal sentence was unconstitutional. Dkt. 3; Civ. Dkt. 63. Accordingly, Davenport's § 2255 Motion is subject to dismissal on the ground of waiver.

    **B.**    **Sentencing Relief**

Davenport's claim also fails on the merits. In his amended motion, Davenport claims that he is entitled to sentencing relief in light of *Davis,* which invalidated § 924(c)(3)(B)'s residual clause as void for vagueness. However, Davenport's conviction is enforceable under the force clause of § 924(c)(3)(A) because his predicate offense, armed bank robbery, "has as an element the use, attempted use, or threatened use of physical force." *Watson*, 881 F.3d at 786. Therefore, this Court need not address Davenport's arguments concerning *Davis* and the residual clause.

Davenport further claims that armed bank robbery is not a crime of violence under the force clause. In support of his claim, Davenport relies on Sixth Circuit

**MEMORANDUM DECISION AND ORDER - 6**

precedent for the proposition that armed bank robbery could be committed through conduct without "the use, attempted use, or threatened use of physical force against the person or property of another," namely, "reckless driving." Dkt. 3. However, this ignores relevant Ninth Circuit precedent, which has declared armed bank robbery a crime of violence under the force clause. *Watson*, 881 F.3d at 786. This remains so even after *Davis*. *Piers v. United States*, 2020 U.S. App. LEXIS 4037, *1 (9th Cir. 2020) (denying relief after *Davis*, relying on *Watson*); *see also Mohamed v. Uber Techs.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("The district court does not have the authority to ignore circuit court precedent.").

## CONCLUSION

Davenport's § 2255 Motion will be dismissed because (1) he has waived his right to pursue this § 2255 challenge, and (2) his claim fails on the merits.

## ORDER

NOW THERFORE IT IS HEREBY ORDERED that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1; 3) is **DISMISSED**.

**MEMORANDUM DECISION AND ORDER - 7**

DATED: December 23, 2020

_____
B. Lynn Winmill
U.S. District Court Judge